UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL WAYNE KING,<br><br>      Plaintiff,<br><br>   vs.<br><br>JOHN D. CHOKATOS, et al.,<br><br>      Defendants. | 1:12-cv-01936-LJO-GSA-PC<br><br>ORDER DENYING DEFENDANTS' REQUEST TO CONVERT UNENUMERATED RULE 12(b) MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT<br>(Doc. 23.)<br><br>ORDER DISREGARDING DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT AS MOOT<br>(Doc. 24.)<br><br>ORDER DENYING DEFENDANTS' UNENUMERATED RULE 12(b) MOTION TO DISMISS ON PROCEDURAL GROUNDS, WITHOUT PREJUDICE<br>(Doc. 16.)<br><br>ORDER GRANTING DEFENDANTS THIRTY DAYS IN WHICH TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO RULE 12(b)(6) MOTION |

## I.     BACKGROUND

Darrell Wayne King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 29, 2012.  (Doc. 1.)  This action proceeds on the initial Complaint against defendants Dr. John D. Chokatos and LVN Michele Ivy Stringer

("Defendants") for deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. (Id.)

On February 18, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies, and a Rule 12(b)(6) motion to dismiss for failure to state a claim on the grounds that Plaintiff failed to comply with the California Government Torts Act and fails to state a claim for professional negligence against defendant Stringer. (Doc. 16.) On April 21, 2014, Plaintiff filed an opposition to the motions. (Doc. 22.) Defendants have not yet filed a reply to the opposition.

On April 23, 2014, Defendants filed a request to convert their unenumerated Rule 12(b) motion to a motion for summary judgment, in light of the Ninth Circuit's recent decision in Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc), and allow Plaintiff twenty-one days to file a supplemental opposition. (Doc. 23.) Defendants also request an extension of time to file their reply to Plaintiff's April 21, 2014 opposition to their Rule 12(b)(6) motion. (Id.) Defendants have also filed a notice of motion for summary judgment, conditioned on the court granting their request to convert, and a Rand warning directed to Plaintiff. (Doc. 24.)

Defendants' motion to convert and motion for extension of time are now before the court.

## II.    CONVERSION OF MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT

### A.    **Legal Standards**

#### *Conversion of Motion to Dismiss*

Generally, when resolving a motion to dismiss, the court may not consider materials outside the complaint and pleadings. See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994); Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998). If materials outside the pleadings are considered, then a motion to dismiss may be converted to a motion for summary judgment under Rule 56. See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). The district court must take some affirmative action to effectuate conversion, preferably by an explicit ruling that

is will consider extrinsic materials attached to the motion to dismiss. <u>Swedberg v. Marotzke</u>, 339 F.3d 1139, 1146 (9th Cir. 2003). Upon conversion, all parties must be given a reasonable opportunity to present all material pertinent to the motion. Fed. R. Civ. P. 12(d). Where plaintiff is a pro se prisoner, the court must explain the conversion to summary judgment and the consequence of failing to provide counter-affidavits. <u>Anderson</u>, 86 F.3d at 934.

### *Albino v. Baca*

The Ninth Circuit's recent decision in <u>Albino v. Baca</u> overruled <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Following the decision in <u>Albino</u>, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. <u>Albino</u>, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. <u>Id.</u>

### B.  **Defendants' Request**

Defendants request the court to convert their unenumerated Rule 12(b) motion to a motion for summary judgment, in light of the <u>Albino</u> decision. Defendants argue that conversion is appropriate because their pending motion complies with the exhaustion standard discussed in <u>Albino</u>, which held that the defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. Defendants also argue that conversion is appropriate because the <u>Albino</u> court observed that the procedural changes are primarily a "matter of nomenclature." <u>Albino</u>, 2014 WL 1317141 at *6. Defendants assert that they fully briefed the issue of exhaustion in their pending Rule 12(b) motion, and the motion includes evidentiary support showing that Plaintiff failed to utilize the existing prison grievance process of which he was aware, regarding the claim against Defendants. Defendants request the court to provide Plaintiff twenty-one days to file supplemental oppositional briefing that comports with the standards set forth under Rule 56 and

the Rand notice filed concurrently with Defendants' request for conversion.[1] Defendants also argue that converting the motion serves the interests of judicial efficiency.

### C. Discussion

Given the state of the law at the time, Defendants properly followed the process set out in Wyatt and moved for dismissal of Plaintiff's Complaint for failure to exhaust by filing an unenumerated motion under Federal Rule of Civil Procedure 12(b). However, under Albino that is no longer the proper procedure for raising the issue of exhaustion.

The court has considered Defendants' reasoned arguments in support of their motion to convert. However, conversion of only part of the existing motion to dismiss at this stage of the proceedings confuses the issues, which the court finds to be prejudicial to Plaintiff who would be required to distinguish the motion for summary judgment from the Rule 12(b)(6) motion to dismiss and file a new or supplemental response addressing only the motion for summary judgment applying new rules. While it is true that the Albino court observed that the procedural changes are primarily a "matter of nomenclature," there are significant differences between summary judgment and other procedures aimed at eliminating claims and defenses.

The Court finds that clear separation of the motions will simplify the process and thus serve judicial efficiency and fairness to both parties. Therefore, Defendants' unenumerated Rule 12(b) motion shall be denied for procedural reasons, without prejudice to renewal of the motion as a motion for summary judgment.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' request to convert their unenumerated Rule 12(b) motion to dismiss to a motion for summary judgment, filed on April 23, 2014, is DENIED;
2. Defendants' notice of motion of summary judgment, filed on April 23, 2014, is DISREGARDED as moot;

---

[1] A Rand Notice and Warning informs a prisoner pro se plaintiff of his rights and responsibilities in opposing the defendant's motion for summary judgment. Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc). Pursuant to Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012), defendants are expected to give this required notice contemporaneously with summary judgment motions directed at actions by pro se plaintiffs.

3. Defendants' unenumerated Rule 12(b) motion to dismiss is DENIED, without prejudice to renewal of the motion as a motion for summary judgment; and

4. Defendants are GRANTED an extension of time until thirty days from the date of service of this order, in which to file a reply to Plaintiff's opposition to Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 7, 2014**              **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE