UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL WAYNE KING,<br><br>             Plaintiff,<br><br>        vs.<br><br>JOHN D. CHOKATOS, et al.,<br><br>             Defendants. | 1:12-cv-01936-LJO-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 31.)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS<br>(Doc. 16.)<br><br>ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS, WITH LEAVE TO AMEND<br><br>THIRTY DAY DEADLINE FOR PLAINTIFF TO EITHER:<br><br>  (1)  FILE AMENDED COMPLAINT, OR<br><br>  (2)  NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS CHOKATOS AND STRINGER ON PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIMS |

Darrell Wayne King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 9, 2014, findings and recommendations were entered, recommending that Defendants' Rule 12(b)(6) motion to dismiss be granted in part and denied in part, with leave to amend. (Doc. 31.) The parties were granted thirty days in which to file objections to the findings and recommendations. To date, no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Plaintiff shall be required to either file a First Amended Complaint, or notify the Court of his willingness to proceed only on the cognizable § 1983 claims against defendants Chokatos and Stringer for inadequate medical care in violation of the Eighth Amendment. Should Plaintiff choose to proceed only on the Eighth Amendment medical claims, the Court will begin the process to initiate service upon defendants Chokatos and Stringer by the United States Marshal. Plaintiff shall be granted leave to file a First Amended Complaint within thirty days. Fed. R. Civ. P. 15(a); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Should Plaintiff choose to amend the complaint, the First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after November 29, 2012. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In addition, Plaintiff should take care to include only those claims that were administratively exhausted before he filed the initial Complaint on November 29, 2012.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on July 9, 2014, are ADOPTED IN FULL;

2. Defendants' Rule 12(b)(6) motion to dismiss, filed on February 18, 2014, is GRANTED in part and DENIED in part;

3. Defendants' motion to dismiss Plaintiff's state claims for failure to plead compliance with California's Government Claims Act is GRANTED, with leave to amend;

4. Defendants' motion to dismiss Plaintiff's state claim for medical malpractice on the ground that Plaintiff's government claim fails to fairly reflect this claim is DENIED as moot, without prejudice;

5. Defendants' motion to dismiss Plaintiff's claim for professional negligence against defendant Stringer for failure to state a cause of action is DENIED as moot, without prejudice;

6. Plaintiff's § 1983 claims survive Defendants' motion to dismiss;

///

7. Plaintiff is GRANTED thirty days from the date of service of this order in which to EITHER:

   (1) File a First Amended Complaint, OR

   (2) Notify the court of his willingness to proceed only against defendants Chokatos and Stringer on Plaintiff's Eighth Amendment medical claims;

8. The Clerk's Office shall send Plaintiff a civil rights complaint form;

9. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:12-cv-01936-LJO-GSA-PC;

10. Plaintiff's failure to comply with this order shall result in the dismissal of this action for failure to comply with a court order; and

11. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

   Dated: __**August 22, 2014**__            __**/s/ Lawrence J. O'Neill**__
                                                 UNITED STATES DISTRICT JUDGE